# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORNBECK OFFSHORE SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-2905** |
| **FAIRFIELD INDUSTRIES, INC.** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Alter/Amend Judgment by defendant Fairfield Industries, Inc. ("Fairfield"). (Rec. Doc . 155). Plaintiff Hornbeck Offshore Services, L.L.C. ("Hornbeck") and third party defendant Fearnley Offshore, L.L.C. ("Fearnley") oppose. (Rec. Docs. 155, 159).

The motion is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court DENIES the motion for the following reasons.

**I.  Law and Analysis**

The background of this case was set forth in the Court's previous Order and Reasons. (Rec. Doc. 151). In that Order, the Court found that Hornbeck and Fairfield entered into a binding time charter. As a result, the Court granted a motion for partial summary judgment by Hornbeck, denied in part and granted in part a motion for summary judgment by Fairfield, and granted a motion for summary judgment by Fearnley. (Rec. Doc. 151).

Fairfield brings its motion under Federal Rule of Civil Procedure 59(e) to Alter or

Amend Judgment. (Rec. Doc. 155). Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F.Supp.2d 769, 771 (E.D.La. 2004). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000).

Here, Fairfield argues that the Court should reconsider its motion to consider new evidence and to correct manifest errors of fact. (Rec. Doc. 155 at 2-3).

*A. New Evidence*

Fairfield argues that new evidence shows that Hornbeck chartered the vessel at issue, the HOS Innovator, to the Hess Corporation for the same period of time it agreed to with Fairfield, and that the Hess agreement took place *after* the December 11 email that was the basis for the Court's previous ruling. (Rec. Doc. 155 at 3).

The Court ruled that the December 11, 2008 email from Fearnley to Hornbeck established a binding charter in which the Innovator was chartered to Fairfield for one year, starting on approximately March 15, 2009, and running to March 15, 2010. The Hess agreement, attached to Fairfield's current motion, indicates a delivery date between January 15 and February 15, 2009 for a period of seven months.

According to Fairfield, this information was not previously before the Court because the it was discovered during a March 18, 2010, deposition, after a Court-ordered cut-off for briefing

on the previous motions. (Rec. Doc. 155 at 4). The existence of this agreement, Fairfield argues, "raises doubts about Hornbeck's representations to the Court that it believed it formed a charter with Fairfield on December 11, 2008.

Hornbeck argues that in fact the information *was* before the Court. (Rec. Doc. 159 at 5). They point to the fact that the details of the Hess charter were produced to Fairfield in discovery on July 29, 2009, well before Fairfield filed its motion for summary judgment. (Rec. Doc. 159 at 6). In fact, Hornbeck referenced the Hess charter in its earlier opposition to Fairfield's Motion for Summary Judgment. (Rec. Doc. 103). There, Hornbeck argued that the Hess Charter was relevant to its detrimental reliance claim because it had to swap the Innovator out of the Hess Charter and replace it with the Shooting Star, a larger vessel. (Rec. Doc. 103 at 23-24).

Because the information about the Hess charter is not new evidence and was before the Court when it made its previous ruling, it is not an appropriate basis for a Rule 59(e) motion.

*B. Manifest Errors of Fact*

Fairfield next argues that the Court made manifest errors of fact. Its briefing on this point raises no new arguments; it is simply a reiteration of the facts argued in the earlier motions. It is the movant's burden to "clearly establish" a manifest error of fact on a Rule 59(e) motion. *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). The Court is unpersuaded that the reasoning of its previous Order was in error and declines to rewrite its previous rationale in this Order. *See* Rec. Doc. 151.

Accordingly,

IT IS ORDERED that Hornbeck's Motion to Alter or Amend Judgment (Rec. Doc. 155) is DENIED.

3

New Orleans, Louisiana, this 16th day of August, 2010.

                                                                       _____
                                                                       **HELEN G. BERRIGAN**
                                                                       **UNITED STATES DISTRICT JUDGE**